UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 18-7658 FMO (AGRx)** | Date | **October 11, 2018** |
|---|---|---|---|
| Title | **Kirk Porter v. Ford Motor Company, et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): | |
| None Present | None Present | |

**Proceedings:** (In Chambers) Order Remanding Action

On July 31, 2018, Kirk Porter ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against Ford Motor Company ("Ford") and Galpin Motors, Inc. ("Galpin") (collectively, "defendants"). (See Dkt. 1, Notice of Removal ("NOR") at ¶¶ 1-2; Dkt. 1-1, Complaint). Plaintiff asserted a claim for breach of implied warranty against Galpin. (See Dkt. 1-1, Complaint at ¶¶ 28-32). On August 31, 2018, Ford removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332. (See Dkt. 1, NOR at 1). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

## LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo.

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-7658 FMO (AGRx) | Date | October 11, 2018 |
|---|---|---|---|
| Title | Kirk Porter v. Ford Motor Company, et al. | | |

Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

## DISCUSSION

The court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter. In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.[2] Therefore, removal was improper. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. 1332(a), complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Plaintiff appears to be a citizen of California. (See Dkt. 1, NOR at ¶ 23). Ford has shown that it is not a citizen of California. (See id. at ¶ 24). Galpin, however, appears to be a citizen of California. (See id. at ¶¶ 23-24) (failing to set forth Galpin's citizenship). Ford asserts, however, that Galpin is a sham defendant, and that therefore its citizenship should be disregarded for purposes of diversity jurisdiction. (See id. at ¶¶ 25-26).

"If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and the defendant's presence in the lawsuit is ignored for purposes of determining diversity." United Comput. Sys., Inc. v. AT & T Corp., 298 F.3d 756, 761 (9th Cir. 2002) (internal quotation marks omitted). "It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent, entitling the real defendant to a removal." Albi v. Street & Smith Publ'ns, 140 F.2d 310, 312 (9th Cir. 1944) (footnote omitted); see Allen v. Boeing Co., 784 F.3d 625, 634 (9th Cir. 2015) ("[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the resident defendant is obvious according to the applicable state law."). The defendant must show by "clear and convincing evidence" that the plaintiff does not have a colorable claim against the alleged sham defendant. See Hamilton Materials Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); see also Mireles v. Wells

---

[2] Ford seeks only to invoke the court's diversity jurisdiction. (See, generally, Dkt. 1, NOR).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-7658 FMO (AGRx) | Date | **October 11, 2018** |
|---|---|---|---|
| Title | **Kirk Porter v. Ford Motor Company, et al.** | | |

Fargo Bank, N.A., 845 F.Supp.2d 1034, 1063 (C.D. Cal. 2012) ("Demonstrating fraudulent joinder" requires showing that "after all disputed questions of fact and all ambiguities . . . are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.") (emphasis in original); Vasquez v. Bank of Am., N.A., 2015 WL 794545, *4 (C.D. Cal. 2015) (finding defendants had not met the "heavy burden of persuasion to show to a near certainty that joinder was fraudulent" because plaintiff could amend complaint to state at least one valid claim) (internal quotation marks omitted). Indeed, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." Grancare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018) (internal quotation marks omitted).

The court finds that Ford has failed to meet its "heavy burden" of showing by clear and convincing evidence that plaintiff does not have a colorable claim against Galpin. Ford contends that plaintiff's claim against Galpin fails because it is barred by the statute of limitations. (See Dkt. 1, NOR at ¶ 27). However, this is insufficient to establish that plaintiff cannot state a claim against Galpin and, in any event, plaintiff may be able to put forth allegations of equitable tolling of the statute of limitations. See Padilla v. AT & T Corp., 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009) ("[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant."); Munoz v. Lab. Corp. of Am., 2015 WL 4507104, *1 (C.D. Cal. 2015) ("Even where presently deficiently pled, where Plaintiffs may amend [the] claim to cure any arguable defects, it may not be said that it is impossible for them to state a claim against [the defendant].") (emphasis in original); Gebran v. Wells Fargo Bank, N.A., 2016 WL 7471292, *5 (C.D. Cal. 2016) (explaining that a court must look at whether plaintiff has a cause of action against an alleged defendant "rather than inquire whether [the] defendant[] could propound defenses to an otherwise valid cause of action"). At this juncture, it cannot be said that the state court would find the claim to be inadequately pled or that plaintiff would be unable to amend the Complaint to the state court's satisfaction. See Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009) ("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."); Allen, 784 F.3d at 634 (same). As such, defendants cannot show that it is "obvious according to the well-settled [law of California]" that plaintiff cannot state a claim against Galpin. See United Comput. Sys., Inc., 298 F.3d at 761; Allen, 784 F.3d at 634 ("[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the resident defendant is obvious according to the applicable state law."); see also Chipley v. Ford Motor Co., 2018 WL 1965029, *3 (N.D. Cal. 2018) ("Ford's statute of limitations argument is contrary to applicable California law. Under the Song-Beverly Act, the implied warranty of merchantability extends for a period of one year after delivery (not from the date of purchase), and the time for bringing an action is four years from the breach.").³

---

³ Ford also contends that Galpin is a dispensable party that may be severed from this action. (See Dkt. 1, NOR at ¶ 29). The court declines Ford's invitation to sever Galpin from this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-7658 FMO (AGRx) | Date | **October 11, 2018** |
|---|---|---|---|
| Title | **Kirk Porter v. Ford Motor Company, et al.** | | |

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that Ford has met its burden of showing that Galpin was fraudulently joined. Because Galpin appears to be a citizen of California, there is no basis for diversity jurisdiction, and the court lacks subject matter jurisdiction over this matter.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 N. Hill St., Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

3. All pending motions are denied as moot.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |

---

action.